UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x   Index No. 12-CV-2836(RRM)(RML)
JONATHAN LEWIS,

                                Plaintiff,

                                                    **AMENDED COMPLAINT**

   -against-

THE CITY OF NEW YORK,
POLICE OFFICER SHAWN JOHNSTON ID #947782,
POLICE OFFICER STEPHEN KEREKES, ID #947129,
POLICE OFFICER JOHN DAMACCO, ID #946892,
and SERGEANT ALEX MONTESQUIEU ID #928799

                                                     **JURY TRIAL DEMANDED**
                           Defendants.
-------------------------------------------------------------x

      Plaintiff JONATHAN LEWIS, by his attorneys, OFODILE & ASSOCIATES, P.C., complaining of the Defendants – THE CITY OF NEW YORK, POLICE OFFICER SHAWN JOHNSTON ID # 947782, POLICE OFFICER STEPHEN KEREKES, ID #947129, POLICE OFFICER JOHN DAMACCO, ID #946892 and SERGEANT ALEX MONTESQUIEU ID #928799 - alleges as follows:

**JURISDICTION AND VENUE**

      1.     This is an action at law to redress the arrest, imprisonment, and prosecution of Plaintiff without probable cause, in violation of the Plaintiff's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983. This is also an action to redress the pain and suffering and psychological injuries sustained by Plaintiff as a result of the intentional, and malicious acts of the City of New York through the named individual defendant Police Officers. The Court has supplemental jurisdiction over claims brought under State Law, in

particular, under Article 1 § 12 of the New York State Constitution which forbids unreasonable searches and seizures as well as malicious prosecution.

2. Jurisdiction is specifically conferred on the United States District Court by 28 U.S.C. § 1331, this being an action arising under the Constitution and Federal Law, and by 28 U.S.C. § 1343(a)(3), this being an action authorized by law to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, of rights, privileges, and immunities secured to Plaintiff by the Fourth, Fifth, and Fourteenth Amendments to the Constitution, and by 42 U.S.C. § 1983.

3. Venue is proper in the Eastern District of New York because the events complained of occurred in Queens County, which is within the Eastern District of New York.

## PARTIES

4. During all times relevant and material to this Complaint, Plaintiff Jonathan Lewis was a resident of the City and State of New York, residing in Queens County.

5. At all times relevant and material to this case, Defendant the City of New York was, and upon information and belief, still is a municipal corporation, incorporated under the laws of the State of New York and the employer of Defendants Police Officer Shawn Johnston Id # 947782, Police Officer Stephen Kerekes Id #947129, Police Officer John Damacco Id #946892, and Sergeant Alex Montesquieu ID #928799, and is responsible for their actions under New

York State Constitution, Article 1, section 12, under the *respondeat superior* rule and/or under the agency principle.

6. At all times relevant and material to this case, Defendants, Police Officer Shawn Johnston Id # 947782, Police Officer Stephen Kerekes Id #947129, Police Officer John Damacco Id #946892, and Sergeant Alex Montesquieu ID #928799, were employed by the City of New York in its Police Department, and worked out of the 113th Precinct in Queens, New York

## FACTUAL ALLEGATIONS

7. On July 4, 2009, upon information and belief, police may have been called/hailed because witness/es reported that someone had just been stabbed in the area where Plaintiff was.

8. Plaintiff had been stabbed in the left forearm by someone who then ran away and when Defendant Police Officers saw Plaintiff, he had the stab wound and he told Defendant Police Officers that he had been stabbed and that the person who stabbed him had run away.

9. When Defendants, Police Officer Shawn Johnston Id # 947782, Police Officer Stephen Kerekes Id #947129, Police Officer John Damacco Id #946892, and Sergeant Alex Montesquieu ID #928799 (collectively also referred to as Defendant Police Officers) saw Plaintiff, he was bleeding from the stab wound and Plaintiff told the Defendant Police Officers that someone just stabbed him and ran towards the corner of the street and requested that the Defendant Police Officers take him to the hospital.

10. The Defendant Police Officers did not recover any weapon on Plaintiff when they saw him and approached and searched him but recovered the knife that Plaintiff had been stabbed with at the corner where the person who stabbed Plaintiff had run towards as Plaintiff told Defendant Officers.

11. After Defendant Police Officers recovered the knife, they started hitting Plaintiff, pushed him to the ground and put their knees on his back and that was when his mother protested to Defendant Police Officers that they should not be beating up on his son (the Plaintiff) in her presence and Defendant Police Officers then immediately put handcuffs on Plaintiff and drove him to the 113th Precinct.

12. Defendant Police Officers arrested Plaintiff for stabbing someone after his mother saw Defendant Officers roughing him up and protested to Defendant Officers that Plaintiff is her son, that she saw what was going on and that they should stop beating him up in her presence.

13. After arresting Plaintiff for stabbing someone, Defendant Police Officers ended up charging him with criminal possession of a weapon in the 3rd degree and resisting arrest at the Precinct although he was only arrested in the street for stabbing someone.

14. There was no complainant who alleged that Plaintiff stabbed him/her and Defendant Police Officers did not and could not find anyone who alleged that Plaintiff stabbed him/her.

15. Although Plaintiff gave Defendant Police Officers the description of the person who stabbed him and told them in the direction in which the person ran, Defendant Police Officers did not try to locate the person or pursue him but arrested Plaintiff for stabbing someone because, according to Defendant Police Officers, the knife with which Plaintiff was stabbed had blood on it and Defendant Police Officers were adamant that because the knife had blood on it, Plaintiff must have been the person who stabbed someone with it and not the other way round.

16. When Defendant Police Officers were arresting Plaintiff for stabbing someone, everyone present was telling the arresting officers that Plaintiff was the person who got stabbed and that the person who stabbed him had run away but Defendant Police Officers did not care about the facts or what the witnesses were saying as they had put the handcuffs on Plaintiff and were determined to take him in.

17. Plaintiff was incarcerated from July 4, 2009 when he was unlawfully arrested, until October 29, 2009, when he was acquitted in the criminal trial of all the charges filed against him by Defendant Police Officers, a period of 113 days.

18. During the criminal trial, Plaintiff provided his medical records showing that he had been stabbed on July 4, 2009, and also evidence that the blood on the knife was his own blood.

19. Even Defendant Police Officers who arrested Plaintiff for stabbing someone and testified during the criminal trial admitted during that trial that they saw Plaintiff with a stab wound on July 4, 2009.

20. As a result of the actions of Defendant Police Officers, working as agents of the City of New York, Plaintiff was arrested and prosecuted without probable cause and suffered serious emotional distress as a result.

21. The actions of the Police Officer Defendants were premeditated, callous, and constituted a flagrant abuse of authority, and were done in knowing violation of Plaintiff's constitutional rights and Plaintiff is entitled to punitive damages against them.

## AS FOR A FIRST CAUSE OF ACTION

22. Plaintiff repeats and re-alleges paragraphs 1 through 21 as if each paragraph is repeated and re-alleged verbatim herein.

23. Plaintiff was falsely arrested on July 4, 2009, for stabbing someone by Defendants, Police Officer Shawn Johnston Id # 947782, Police Officer Stephen Kerekes Id #947129, Police Officer John Damacco Id #946892, and Sergeant Alex Montesquieu ID #928799 but was eventually charged with criminal possession of a weapon and resisting arrest, among other crimes, because the Officers alleged and assumed that Plaintiff stabbed someone else when Plaintiff was the actual person who got stabbed and the officers could see that stab wound on

Plaintiff, the officers did not recover any weapon on Plaintiff, Plaintiff did not resist arrest and had not done anything that would even justify his arrest, and furthermore, there was no complaining witness alleging that Plaintiff stabbed him/her and all the witnesses at the scene advised the Officers that Plaintiff was in fact the victim.

24. The arrest of Plaintiff on July 4, 2009, was made without probable cause to believe that Plaintiff had committed any crime, that he in fact stabbed someone or criminally possessed a weapon.

25. In arresting Plaintiff for criminal possession of a weapon, resisting arrest, among other crimes, Defendants, Police Officer Shawn Johnston Id # 947782, Police Officer Stephen Kerekes Id #947129, Police Officer John Damacco Id #946892, and Sergeant Alex Montesquieu ID #928799 violated Plaintiff's right secured by Article 1 § 12 of the New York State Constitution not to be subjected to unreasonable search and seizure and the City of New York is liable to Plaintiff for the false arrest under the New York State Constitution for the actions of its employees under the agency and/or *respondeat superior* rule.

**AS FOR A SECOND CAUSE OF ACTION**

26. Plaintiff repeats and re-alleges paragraphs 1 through 25 as if each paragraph is repeated and re-alleged verbatim herein.

27. Plaintiff was maliciously prosecuted by Defendants, Police Officer Shawn Johnston Id # 947782, Police Officer Stephen Kerekes Id #947129, Police Officer John Damacco Id #946892, and Sergeant Alex Montesquieu ID #928799 when he was charged with criminal possession of weapon and resisting arrest, among other crimes, even though the Officers did not have any admissible evidence that Plaintiff actually criminally possessed a weapon, and Plaintiff did not resist the officers at all and had committed no crime to justify his arrest and a charge of resisting arrest but Plaintiff was in fact arrested maliciously because his mother spoke out against Plaintiff being physically assaulted by the Officers.

28. Defendants, Police Officer Shawn Johnston Id # 947782, Police Officer Stephen Kerekes Id #947129, Police Officer John Damacco Id #946892, and Sergeant Alex Montesquieu ID #928799 had no probable cause to believe that they would successfully prosecute Plaintiff for criminal possession of a weapon in the 3rd degree, a class D felony, or for criminal possession of a weapon, as there was no admissible evidence that Plaintiff actually possessed a weapon, there was no complaining witness or any witness who stated that Plaintiff actually possessed a weapon, Plaintiff was in fact the person stabbed with the weapon and told the officers so, and many witnesses at the scene made the same statement to Defendant Police Officers and told them they arrested the wrong person as Plaintiff was the person stabbed and they still arrested him, and being that Plaintiff had committed no crimes, he could not be legally charged with resisting arrest as an independent offense, and in any case, Plaintiff never resisted arrest and he was only arrested because his mother protested the way Defendant Police Officers were manhandling him. Defendant Police Officers thereby violated Plaintiff's rights protected by the Fourth and

Fourteenth Amendments not to be prosecuted without probable cause to believe that the prosecution would be successful and are therefore liable to Plaintiff in damages pursuant to 42 U.S.C. § 1983.

## AS FOR A THIRD CAUSE OF ACTION

29.     Plaintiff repeats and re-alleges paragraphs 1 through 28 as if each paragraph is repeated and re-alleged verbatim herein.

30.     Plaintiff was maliciously prosecuted by Defendants, Police Officer Shawn Johnston Id # 947782, Police Officer Stephen Kerekes Id #947129, Police Officer John Damacco Id #946892, and Sergeant Alex Montesquieu ID #928799 when he was charged with criminal possession of weapon and resisting arrest, among other crimes, even though the Officers did not have any admissible evidence that Plaintiff actually criminally possessed a weapon, and Plaintiff did not resist the officers at all and had committed no crime to justify his arrest and a charge of resisting arrest but Plaintiff was in fact arrested maliciously in retaliation for his mother speaking out against Plaintiff being physically assaulted by the Officers in her presence and in front of her home.

31.     Police Officer Shawn Johnston Id # 947782, Police Officer Stephen Kerekes Id #947129, Police Officer John Damacco Id #946892, and Sergeant Alex Montesquieu ID #928799 had no probable cause to believe that they would successfully prosecute Plaintiff for criminal possession of a weapon in the 3rd degree, a class D felony, or for criminal possession of a

weapon, as there was no admissible evidence that Plaintiff actually possessed a weapon, there was no complaining witness or any witness who stated that Plaintiff actually possessed a weapon, Plaintiff was in fact the person stabbed with the weapon and told the officers so, and many witnesses at the scene made the same statement to Defendant Police Officers and told them they arrested the wrong person as Plaintiff was the person stabbed and they still arrested him, and being that Plaintiff had committed no crimes, he could not be legally charged with resisting arrest as an independent offense, and in any case, Plaintiff never resisted arrest and he was only arrested because his mother protested the way Defendant Police Officers were manhandling him. Defendant Police Officers thereby violated Plaintiff's First Amendment Rights not to be maliciously prosecuted for protected speech and are therefore liable to Plaintiff in damages pursuant to 42 U.S.C. § 1983 and the First Amendment of the United States Constitution.

## AS FOR A FOURTH CAUSE OF ACTION

32. Plaintiff repeats and re-alleges paragraphs 1 through 31 as if each paragraph is repeated and re-alleged verbatim herein.

33. Plaintiff was maliciously prosecuted by Defendants Police Officer Shawn Johnston Id # 947782, Police Officer Stephen Kerekes, Id #947129, Police Officer John Damacco, Id #946892 and Sergeant Alex Montesquieu ID #928799 when he was charged with criminal possession of weapon and resisting arrest, among other crimes, when the officers did not have any admissible evidence that Plaintiff actually criminally possessed a weapon, and Plaintiff did not resist the officers at all and had committed no crime to justify his arrest and a charge of

resisting arrest but Plaintiff was in fact arrested maliciously because his mother spoke out against Plaintiff being physically assaulted by the Officers.

34.     Police Officer Shawn Johnston Id # 947782, Police Officer Stephen Kerekes, Id #947129, Police Officer John Damacco, Id #946892 and Sergeant Alex Montesquieu ID #928799 had no probable cause to believe that they would successfully prosecute Plaintiff for criminal possession of a weapon in the 3rd degree, a class D felony, or for criminal possession of a weapon, as there was no admissible evidence that Plaintiff actually possessed a weapon, there was no complaining witness or any witness who stated that Plaintiff actually possessed a weapon, Plaintiff was in fact the person stabbed with the weapon and told the officers so, and many witnesses at the scene made the same statement to Defendant Police Officers and told them they arrested the wrong person as Plaintiff was the person stabbed and they still arrested him, and being that Plaintiff had committed no crimes, he could not be legally charged with resisting arrest as an independent offense, and in any case, Plaintiff never resisted arrest and he was only arrested because his mother protested the way Defendant Police Officers were manhandling him., Defendant Police Officers thereby violated Plaintiff's rights protected by Article 1 § 12 of the New York State Constitution not to be prosecuted without probable cause to believe that the prosecution would be successful and are therefore liable to Plaintiff in damages pursuant to him by Article 1 § 12 of the New York State Constitution.

## AS FOR A FIFTH CAUSE OF ACTION

35.     Plaintiff repeats and re-alleges paragraphs 1 through 34 as if each paragraph is repeated and re-alleged verbatim herein.

36.     Plaintiff was maliciously prosecuted by Defendants, Police Officer Shawn Johnston Id # 947782, Police Officer Stephen Kerekes Id #947129, Police Officer John Damacco Id #946892, and Sergeant Alex Montesquieu ID #928799 when he was charged with criminal possession of weapon and resisting arrest, among other crimes, although the officers did not have any admissible evidence that Plaintiff actually criminally possessed a weapon, and Plaintiff did not resist the officers at all and had committed no crime to justify his arrest and a charge of resisting arrest but Plaintiff was in fact arrested maliciously because his mother spoke out against Plaintiff being physically assaulted by the Officers.

37.     Police Officer Shawn Johnston Id # 947782, Police Officer Stephen Kerekes Id #947129, Police Officer John Damacco Id #946892, and Sergeant Alex Montesquieu ID #928799 had no probable cause to believe that they would successfully prosecute Plaintiff for criminal possession of a weapon in the 3rd degree, a class D felony, or for criminal possession of a weapon, as there was no admissible evidence that Plaintiff actually possessed a weapon, there was no complaining witness or any witness who stated that Plaintiff actually possessed a weapon, Plaintiff was in fact the person stabbed with the weapon and told the officers so, and many witnesses at the scene made the same statement to Defendant Police Officers and told them they arrested the wrong person as Plaintiff was the person stabbed and they still arrested him, and

being that Plaintiff had committed no crimes, he could not be legally charged with resisting arrest as an independent offense, and in any case, Plaintiff never resisted arrest and he was only arrested because his mother protested the way Defendant Police Officers were manhandling him.

38. The City of New York was the employer of Defendants Police Officer Shawn Johnston Id # 947782, Police Officer Stephen Kerekes Id #947129, Police Officer John Damacco Id #946892, and Sergeant Alex Montesquieu ID #928799 whose actions damaged Plaintiff as alleged herein and is liable to Plaintiff with the respective individual defendants, jointly and severally, under the common law *respondeat superior* and/or agency rule for damages sustained under Article 1 § 12 of the New York State Constitution and the City of New York is therefore liable to Plaintiff for malicious prosecution and the damages suffered thereby.

39. Plaintiff's false arrest and prosecution were encouraged and made possible by the City's quota policy as well as its failure to properly train, supervise and disciple its police officers and the City is therefore liable to Plaintiff under Article 1§ 12 of the New York State Constitution for all the damages suffered by Plaintiff as a result under the respondent superior rule.

40. The actions of Defendants Police Officer Shawn Johnston Id # 947782, Police Officer Stephen Kerekes Id #947129, Police Officer John Damacco Id #946892, and Sergeant Alex Montesquieu ID #928799 were wanton, intentional and were done knowingly, deliberately and maliciously in violation of Plaintiff's constitutional rights and Plaintiff is therefore entitled to

punitive damages against them to discourage them personally and others like them from continuing to callously violate citizens constitutional and other rights.

## AS FOR A SIXTH CAUSE OF ACTION

41. Plaintiffs repeat and realleges paragraphs 1 through 40 as if each paragraph is repeated verbatim herein.

42. The violations of Plaintiff's constitutional rights by the individual Defendants and were carried out under the following policies, customs, and practices of Defendant City of New York:

I. City to failed to properly train, supervise, discipline and hold accountable its police officers and its affirmative instruction to police officers to stop citizens when they have not committed any crimes which has encouraged and fostered unconstitutional behavior among New York City Police Officers and Plaintiff is therefore entitled to damages against the City for the violation of his constitutional rights.

II. Failure to establish, publish, and instill in New York City Police Officers and Detectives the practical meaning of probable cause or reasonable cause for arrests so that officers would not detain and/or arrest citizens based on their hunches, inklings, or mere suspicion and without reasonable or probable cause;

III. Failure to establish, publish, and instill in New York City Police Officers and Detectives the importance of conducting an investigation before arresting a

14

|      | member of the public; |
|------|---|
| IV.  | De-emphasizing the importance of an arrest warrant issued by a Judge or Magistrate, which would act as a buffer between the citizenry and the Police, and encouraging the Police under the aggressive policing policy of the Giuliani and Bloomberg administrations to arrest first and ask questions later; and |
| V.   | Failing to take proper corrective and punitive actions against overreaching police officers and creating the impression that crime reduction is paramount and triumphs over constitutional rights in all circumstances. |

43. Under 42 U.S.C. § 1983, Defendant City is liable to Plaintiff for damages he sustained as a result of his false arrest, malicious prosecution and prosecution in violation of his First Amendment Rights under Monell as well as for the attorneys' fees and the costs and disbursements of the action.

**WHEREFORE**, Plaintiff prays judgment against Defendants, awarding him:

1. For violation of his federal constitutional rights, jointly and/or severally, according to proof:

    i. general and compensatory damages in an amount that would adequately compensate him for the violation of his rights and for his emotional, mental, and physical distress;

    ii. lost earnings and lost opportunities to earn income, in the amount to be proved at trial and in accordance with proof;

      iii.    punitive damages (against the individual defendants only, in their individual capacities) in an amount sufficient to punish the individual Defendants and deter others like them from repeating such unlawful conduct;

      iv.    attorneys' fees and the costs and disbursements of this action;

      v.    such other relief as the court deems just and proper.

2.    As against the individual Defendants and the City of New York for violation of Article 1 § 12 of New York State Constitution, jointly and severally:

      i.    general and compensatory damages in an amount that would adequately compensate him for the violation of his rights and for his emotional, mental, and physical distress; against all Defendants, jointly and severally;

      ii.    lost earnings and lost opportunities to earn income, in the amount to be proved at trial and in accordance with proof;

      iii.    punitive damages (against the individual defendants only) in an amount sufficient to punish the individual Defendants and deter others like them from repeating such unlawful conduct – against the individual Defendants, jointly and severally;

      iv.    attorneys' fees and the costs and disbursements of this action -- against all Defendants, jointly and severally; and

      v.    such other relief as the court deems just and proper.

Dated: Brooklyn, New York
      October 28, 2012

                                      OFODILE & ASSOCIATES, P.C.
                                      Attorneys for Plaintiff

                                      By s/b Anthony Ofodile
                                      Anthony C. Ofodile, Esq.
                                      498 Atlantic Avenue
                                      Brooklyn, New York 11217
                                      718 852-8300