UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JONATHAN LEWIS,

               Plaintiff,

   - against -

THE CITY OF NEW YORK, POLICE OFFICER
SHAWN JOHNSTON, ID #947782, POLICE
OFFICER STEPHEN KEREKES, ID #947129,
POLICE OFFICER JOHN DAMACCO, ID
#946892, and SARGEANT ALEX
MONTESQUIEU, ID #928799,

               Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
12-CV-2836 (RRM) (RML)

ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff Jonathan Lewis brings this action under 42 U.S.C. § 1983 and New York state law against the City of New York (the "City") and four police officers, alleging false arrest, excessive force, and malicious prosecution. Presently before the Court are (i) a motion by all defendants except Officer Kerekes for judgment on the pleadings and (ii) plaintiff's cross-motion to further amend his complaint. For the following reasons, defendants' motion is granted, and plaintiff's cross-motion is denied.[1]

## BACKGROUND

      The following facts, which the Court assumes to be true for purposes of this motion, are taken from the amended complaint filed on October 28, 2012 (First Am. Compl. (Doc. No. 8))

---

[1] The moving defendants state that plaintiff has not served Kerekes with the summons and complaint, and Kerekes has not requested that the Office of Corporation Counsel (the "Corporation Counsel") represent him. Nor has plaintiff provided proof of service. For failure to serve, the action against Kerekes must be dismissed. Moreover, even if plaintiff served Kerekes properly, the Court's reasoning herein would apply with equal force as to Kerekes. *See, e.g., Hecht v. Commerce Clearing House, Inc.*, 897 F.2d 21, 26 n.6 (2d Cir. 1990) ("*[S]ua sponte* dismissal of the complaint with respect to [non-moving defendant] is appropriate here, because the issues concerning [non-moving defendant] are substantially the same as those concerning the other defendants, and [plaintiff] had notice and a full opportunity to make out his claim.").

and any documents properly considered on this motion. *See L–7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir.2011) ("On a 12(c) motion, the court considers the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.") (internal quotation marks omitted).

**I.     The Underlying Criminal Action**

On July 4, 2009, plaintiff was stabbed in the left forearm by someone who then ran away. When defendant Police Officers Johnston, Kerekes, and Damacco and defendant Sargeant Montesquieu (collectively, "Defendant Officers") arrived on the scene, plaintiff was bleeding from the stab wound. Although plaintiff described his assailant to Defendant Officers and told them the assailant had run toward the street corner after stabbing him, Defendant Officers did not attempt to locate the assailant. Plaintiff also requested that Defendant Officers take plaintiff to the hospital. Defendant Officers searched plaintiff and found no weapon on him. At the corner where plaintiff told them his assailant had run, the Defendant Officers recovered the knife with which the assailant had stabbed plaintiff.

After recovering this knife, the Defendant Officers hit plaintiff, pushed him to the ground, and put their knees on his back. Plaintiff's mother was present and protested that Defendant Officers should not beat plaintiff in front of her. Defendant Officers immediately handcuffed plaintiff and arrested him for stabbing someone, even though no complainant alleged being stabbed by plaintiff and everyone at the scene told Defendant Officers that plaintiff was the person who had been stabbed. Nevertheless, Defendant Officers told plaintiff that the knife had blood on it and were adamant that plaintiff must have stabbed someone with it. Defendant Officers drove plaintiff to the 113th Precinct, where they charged him with criminal possession of a weapon in the third degree and resisting arrest.

Plaintiff was incarcerated on July 4, 2009 and arraigned the following day. A Queens County grand jury voted to indict plaintiff on July 10, 2009, and the indictment was filed on July 17, 2009. Plaintiff's criminal case went to trial in New York City Criminal Court. At the trial, plaintiff presented medical evidence reflecting that he was stabbed on the date of his arrest, and that the blood on the knife Defendant Officers recovered was plaintiff's. On October 29, 2009, plaintiff was acquitted of all charges and released from incarceration.

## II.     The Instant Action

Plaintiff commenced this action on June 6, 2012 by filing a complaint that named the City of New York and five "John Doe" police officers as defendants (the "Original Complaint").

On June 27, 2012, the City requested, with plaintiff's consent, a sixty-day enlargement of the deadline to answer the complaint. The City explained that this enlargement would allow the City to forward to plaintiff for execution authorizations for the City to view his criminal records, which were sealed pursuant to N.Y. Crim. P. L. § 160.50, and his medical records. The following day, the Court granted the adjournment.

On August 27, 2012, the City moved to compel plaintiff to execute the releases. In this motion, counsel for the City represented that she had recently learned from plaintiff's counsel that plaintiff (1) was deported to St. Vincent, West Indies before receiving the requisite releases, (2) received a second set of the releases from his counsel on August 10, 2012, and (3) lacked the resources to express-mail the executed releases to his counsel, such that the executed releases would take several weeks to reach plaintiff's counsel. Accordingly, the City requested an additional thirty-day extension of its time to answer. On August 27, 2012, the Court granted the City's motion, ordering plaintiff to provide the executed releases by October 1, 2012 and extending the City's time to answer until November 1, 2012.

3

On October 12, 2012, plaintiff moved to compel the City to disclose the Defendant Officers' identities by October 25, 2012.  In this motion, plaintiff's counsel stated that plaintiff wished to amend his complaint to name these officers before October 29, 2012, when the limitations period for his malicious prosecution claims would expire.  Counsel also stated that due to plaintiff's deportation, plaintiff had experienced difficulty working with his counsel to commence the case earlier and return executed releases to the City.  Accordingly, counsel argued that equity and the interest of justice required the City to disclose the officers' identities in time for plaintiff to amend his complaint.  The City opposed plaintiff's motion, arguing that the motion was premature because discovery had not yet commenced, plaintiff was responsible for any delay in the City's investigation, and the limitations period for plaintiff's false arrest and excessive force claims had already expired on July 4, 2012, such that amending those claims would be futile.  On October 19, 2012, the Court granted plaintiff's motion in part, ordering defense counsel to provide the arresting officer's name by October 26, 2012 and the names of any other officers involved in the incident by October 29, 2012.

On October 28, 2012, plaintiff filed the First Amended Complaint, in which he identifies Defendant Officers.  Plaintiff alleges that Defendant Officers falsely arrested him, used excessive force against him, and "malicious[ly] prosecut[ed]" him by charging him without probable cause and arresting him in retaliation for his mother's protected speech. (First Am. Compl. ¶¶ 30–37.) Plaintiff also alleges the City is liable for damages.

After answering the complaint on November 13, 2012, the City requested, on January 3, 2013, a pre-motion conference concerning the instant motion, which request plaintiff opposed. On April 18, 2012, the Court granted the City's April 17, 2012 motion to stay discovery pending a decision on the pre-motion conference request.  On May 9, 2013, the Court held a pre-motion

4

conference and set a briefing schedule for the instant motions, which the parties filed on August 13, 2013.

## DISCUSSION

I.   **Defendant's Motion for Judgment on the Pleadings**

   A.   **Standard**

Fed. R. Civ. P. 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." The standard of review for a Rule 12(c) motion is the same as the standard for a Rule 12(b)(6) motion. *Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010). To survive a motion to dismiss, a complaint must contain "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court "consider[s] the legal sufficiency of the complaint, taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). In doing so, the court is not bound to accept as true a legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678. The court may consider the pleadings, "documents attached to the pleadings as exhibits or incorporated by reference, and items of which judicial notice may be taken." *Daniels ex rel. Daniels v. Comm'r of Soc. Sec.*, 456 F. App'x 40, 41 (2d Cir. 2012).

   B.   **False Arrest and Excessive Force Claims**

   1.   The Claims are Time-Barred

In New York, Section 1983 claims are subject to a three-year statute of limitations. *See Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009); *Fabal v. City of New York.*, No. 09

Civ. 5605, 2011 WL 3652320, at *2 (S.D.N.Y. Aug.19, 2011); *see also Jones v. Brooklyn Hosp.*, No. 13–CV–3504, 2013 WL 4008777, at *4 (E.D.N.Y. Aug. 5, 2013) (finding false arrest and excessive force claims barred by three-year statute of limitations). "While state law supplies the statute of limitations for claims under § 1983, federal law determines when a federal claim accrues . . . [which is] when the plaintiff knows or has reason to know of the harm." *Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir. 2001) (internal quotation marks omitted). A false arrest claim accrues under federal law when the false arrest ends, which occurs once the arrestee "becomes held pursuant to legal process – when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace v. Kato*, 549 U.S. 384, 384 (2007).

"'John Doe' pleadings cannot be used to circumvent statutes of limitations because replacing a 'John Doe' with a named party in effect constitutes a change in the party sued." *Barrow v. Wethersfield*, 66 F.3d 466, 468 (2d Cir. 1995) (internal quotation marks omitted); *Tapia–Ortiz v. Doe*, 171 F.3d 150, 151–52 (2d Cir. 1999) (internal quotation marks omitted). Where a plaintiff names "John Doe" as a placeholder defendant because he does not know the defendant's identity, the plaintiff is generally required to replace the placeholder with a named party within the applicable limitations period. *Abreu v. City of New York*, 657 F. Supp. 2d 357, 363 (E.D.N.Y. 2009).

The limitations period for plaintiff's excessive force claim accrued on July 4, 2009, when plaintiff alleges Defendant Officers used excessive force against him, and expired three years later, on July 4, 2012. Similarly, the limitations period for plaintiff's false arrest claim accrued on July 5, 2009, when he was arraigned, and expired three years later, on July 5, 2012.

When plaintiff filed the Original Complaint on June 6, 2012, well within the limitations periods for the false arrest and excessive force claims, he named "John Doe" officers as

6

defendants. Plaintiff first moved to compel the City to provide the Defendant Officers' identities on October 12, 2012 (Doc. No. 6), more than three months after the limitations periods expired, and first amended his complaint to name Defendant Officers on October 28, 2012. (First Am. Compl.)[2]

Accordingly, plaintiff's excessive force and false arrest claims against Defendant Officers are time-barred.

2. The First Amended Complaint does not Relate Back

After the limitations period has expired, a plaintiff may seek leave of court to amend the complaint to add additional defendants, but Fed. R. Civ. P. 15(c) requires that the proposed amendment "relate back" to the date plaintiff filed the original complaint. Fed. R. Civ. P. 15(c); *Soto v. Brooklyn Corr. Facility*, 80 F.3d 34, 35 (2d Cir. 1996). For an amendment naming a new party to relate back, the amendment must "assert[] a claim or defense that arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading," and, "within the period provided by Rule 4(m) for serving the summons and complaint," the party to be added must have "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C); *see Reliance Ins. Co. v. Polyvision Corp.*, 292 F. App'x 106, 106 (2d Cir. 2008); *Conteh v. City of New York*, No. 00 Civ. 5787, 2001 WL 736783, at *2 (S.D.N.Y. June 28, 2001).

---

[2] Plaintiff offers no grounds to justify tolling the statute of limitations or otherwise excuse his untimely filing. *See* N.Y. C.P.L.R. § 208 (providing that court may extend limitations period if claimant "is under a disability because of infancy or insanity at the time the cause of action accrues"); *Abbas v. Dixon,* 480 F.3d 636, 641 (2d Cir. 2007) (stating that New York allows equitable tolling when plaintiff "was induced by fraud, misrepresentations or deception to refrain from filing a timely action") (internal quotation marks omitted). Accordingly, there is no basis for the Court to equitably toll the statute of limitations.

There is no dispute that the amendments naming Defendant Officers arise from the same conduct and occurrence as the Original Complaint. Plaintiff fails, however, to establish that, within 120 days of the Original Complaint's filing, Defendant Officers (i) received notice of the Original Complaint and (ii) knew or should have known that plaintiff would have named them in the Original Complaint but for a mistake concerning their identities.

      *i.*     *Notice*

"The linchpin [of Rule 15(c)] is notice, and notice within the limitations period." *Rodriguez v. City of New York*, 10 Civ. 1849, 2011 U.S. Dist. LEXIS 102725, at *18 (S.D.N.Y. Sept. 7, 2011) (quoting *Schiavone v. Fortune*, 477 U.S. 21, 31 (1986)). Though actual notice is preferable, the court may impute constructive knowledge of the lawsuit "to a new defendant government official through his attorney, when the attorney also represented the officials originally sued, so long as there is 'some showing that the attorney(s) knew that the additional defendants would be added to the existing suit.'" *Id.*, at *19 (quoting *Gleason v. McBride*, 869 F.2d 688, 693 (2d Cir. 1989). In most cases where courts in this Circuit have applied the constructive notice doctrine, the attorneys had "clear knowledge of the identity of the unidentified defendant, within the limitations period, such that it would be logical to assume that a reasonable attorney would either (1) inform his client of the prospective lawsuit or (2) takes steps to begin preparing a defense." *Velez v. Fogarty*, 06 Civ. 13186, 2008 U.S. Dist. LEXIS 96999, at *19 (S.D.N.Y. Nov. 20, 2008).

Plaintiff argues that because Corporation Counsel now represents all of the defendants, the Court should impute to Defendant Officers the notice Corporation Counsel received when plaintiff served the City with the Original Complaint. (*See* Pl.'s Mem. of L. Opp'n Defs.' Mot. and Supp. Cross-Mot. ("Pl.'s Mem.") at 2 (Doc. No. 24.).) The Court disagrees. As an initial

8

matter, Corporation Counsel does not represent, and has never represented, defendant Kerekes in this action; accordingly, plaintiff's representation that all the defendants share counsel is inaccurate. Moreover, the record reflects that as of August 27, 2012, plaintiff still had not executed a release for the City to access the sealed record from plaintiff's underlying criminal case, and the Court gave plaintiff an October 1, 2012 deadline to execute the release (*see* Aug. 27, 2012 Order). This timeline suggests that Corporation Counsel may not have obtained the underlying criminal file until well into October 2012, past the 120-day service period. But absent evidence concerning when Corporation Counsel received the underlying criminal file, the Court cannot simply assume that Corporation Counsel had notice of Defendant Officers' identities, or some other reasonable basis to know their identities, during the service period. *Cf. Rodriguez*, 2011 U.S. Dist. LEXIS 102725, at *20–22 (finding that police officer defendants lacked notice pursuant to Rule 15(c), where Corporation Counsel represented only the City during service period, complaint did not identify the officers, and Corporation Counsel was unable to obtain records of alleged incident). Plaintiff therefore fails to satisfy Rule 15(c)(1)(C).

       *ii.*  *New Parties' Knowledge that Plaintiff Would Have Sued But For Mistake*

Even if plaintiff satisfied Rule 15(c)(1)(C)'s notice requirement, he fails to establish that, within the Rule 4(m) period, the Defendant Officers knew or should have known that he would have timely sued them but for a mistake. Fed. R. Civ. P. 15(c)(1)(C). The Second Circuit has long held that where a plaintiff sues John Doe defendants because he knows he must timely sue but is unaware of their identities, a subsequent amendment to identify the defendants does not relate back for purposes of Rule 15(c). *See Barrow*, 66 F.3d at 470. Such an amendment serves "not to correct a mistake," as the Rule requires, "but to correct a lack of knowledge." *Id.*; *see also Tapia-Ortiz*, 171 F.3d at 151–52 ("[I]t is familiar law that 'John Doe' pleadings cannot be

9

used to circumvent statutes of limitations.") (internal quotation marks omitted).

In *Barrow*, as in the instant case, the plaintiff sued individual police officers as John Does because he did not know their names. 66 F.3d at 470. After the limitations period expired, Barrow amended his complaint to identify the officers. *Id.* at 467. The district court granted the officer defendants' motion to dismiss on statute of limitations grounds because Barrow made no showing that these defendants had even constructive knowledge of his claims against them within the timely original complaint's Rule 4(m) period. *Id*. at 470. The Second Circuit affirmed, holding that Rule 15(c) does not permit relation back where the plaintiff originally sued John Doe defendants because he knew he had to timely name them but was unaware of their identities. *Id*. at 470 (reasoning that amendment served to correct a lack of knowledge rather than a mistake). Because the instant case involves identical facts, *Barrow* is squarely on point.

Plaintiff's argument that the Supreme Court's holding in *Krupski v. Costa Crociere S.p.A.*, 130 S. Ct. 2485 (2010), somehow invalidates *Barrow*'s applicability is incorrect. In *Krupski*, the plaintiff timely sued the wrong of two related, similarly named corporations for injuries she sustained on a cruise ship. *Id*. at 2490. Krupski made this mistake even though she possessed a passenger ticket that listed the proper defendant's name. *Id*. After the limitations period expired, Krupski attempted to add the proper defendant. *See id*. at 2491. The district court found that Krupski had made a deliberate decision not to timely sue the proper defendant and, therefore, the amendment did not relate back for purposes of Rule 15(c). *Id*. at 2492. The district court reached this decision notwithstanding that the proper defendant had constructive notice of the complaint within the Rule 4(m) period. *See id*. at 2497. The Eleventh Circuit affirmed, reasoning that plaintiff did not make a mistake (1) because she had the correct

10

defendant's name in her possession during the limitations period and, therefore, knew, or should have known, the correct defendant's identity; or, in the alternative, (2) because she unduly delayed in seeking leave to amend, and then in amending, her complaint. *Id*. at 2492. The Supreme Court reversed, emphasizing that "relation back under Rule 15(c)(1)(C) depends on what *the party to be added* knew or should have known, not on the amending party's knowledge." *Id*. at 2489–90 (emphasis added). Accordingly, the Court explained, information a plaintiff possessed, or a plaintiff's dilatory conduct after filing, is relevant "only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity." *Id*. at 2493–94; *see also id*. at 2496.

*Krupski* is inapplicable to the facts of the instant case. "*Krupski* did not involve the scenario found in John Doe cases in which a plaintiff sues the wrong party at the outset of litigation because he is unaware of the identity of the proper defendant." *Cooper v. City of New Rochelle*, 925 F. Supp. 2d 588, 601 n.9 (S.D.N.Y. 2013) (quoting *Askins v. City of New York*, No. 09 Civ. 10315, 2011 WL 1334838, at *1 n.3 (S.D.N.Y. Mar. 25, 2011)). As a result, *Krupski* does not address whether a plaintiff's lack of knowledge as to the identity of John Doe Defendants can be considered a "mistake," and "*Barrow* remains good law even after *Krupski*." *Morales v. Cnty. of Suffolk*, 10–CV–03686, 2013 WL 3388387, at *4–5 (E.D.N.Y. July 6, 2013) (quoting *Feliciano v. Cnty. of Suffolk*, No. CV 04–5321, 2013 WL 1310399, at *9 (E.D.N.Y. Mar. 28, 2013) (collecting cases); *see Dominguez v. City of New York*, 10 CV 2620, 2010 U.S. Dist. LEXIS 88818, at *6 (E.D.N.Y. Aug. 27, 2010) (stating that *Barrow*'s holding that a lack of knowledge is not a mistake "is still intact [after *Krupski*]"; *Martinez v. City of New York*, No. 12–CV–3806, 2012 WL 4447589, at *2 n.3 ("*Krupski* did not overturn or limit *Barrow* . . . . *Barrow* asked whether a mistake had been committed; *Krupski* assumes the presence of a mistake and

11

asked whether it is covered by Rule 15(c)(1)(C)(ii).") (internal quotation marks omitted); *Felmine v. City of New York*, 09 CV 3768, 2012 U.S. Dist. LEXIS 77299, at *11–12 (E.D.N.Y. June 4, 2012) (*Krupski* "does not appear to alter the requirement that the plaintiff's failure to name the defendant within the limitations period be attributable to a 'mistake.'")

Moreover, even if plaintiff could show mistake, he would still need, pursuant to Rule 15(c) and the central holding of *Krupski*, to establish that Defendant Officers knew, or should have known, that he would have timely sued them but for the mistake. *See* Fed. R. Civ. P 15(c)(1)(C); *Krupski*, 130 S. Ct. at 2489–90. Plaintiff makes no such argument, and the record warrants no such inference. Accordingly, plaintiff fails to satisfy Rule 15 (c)(1)(C), the amendment identifying Defendant Officers does not relate back to the Original Complaint, and defendants' motion to dismiss the excessive force and false arrest claims against Defendant Officers is granted.

### C.  Plaintiff's Remaining Claims

The Court will discuss the sufficiency of plaintiff's remaining causes of action in conjunction with discussing his cross-motion for leave to file his Proposed Second Amended Complaint.

## II.  Plaintiff's Cross-Motion for Leave to File the Proposed Second Amended Complaint

### A.  Standard

Fed. R. Civ. P. 15(a) provides that a plaintiff may amend the complaint once as a matter of right prior to defendant's filing a responsive pleading. Fed. R. Civ. P. 15(a). In all other cases, however, a plaintiff may amend the complaint "only with the opposing party's written consent or the court's leave," which the court should give freely when justice so requires. Fed. R. Civ. P. 15(a)(2). Courts may deny leave to amend, however, when the party opposing

amendment shows "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Williams v. Citigroup Inc.*, 659 F.3d 208, 213–14 (2d Cir. 2011).

B. **Malicious Prosecution and Denial of Right to Fair Trial**

A plaintiff who claims that a government official deprived him of his liberty by maliciously initiating criminal proceedings against him without probable cause invokes the Fourth Amendment. *Morse v. Spitzer*, No. 07 CV 4793, 2012 WL 3292963, at *2 (E.D.N.Y. Aug. 3, 2012). The elements of malicious prosecution under New York law are "(1) that the defendant commenced or continued a criminal proceeding against him; (2) that the proceeding was terminated in the plaintiff's favor; (3) that there was no probable cause for the proceeding; and (4) that the proceeding was instituted with malice." *Droz v. McCadden*, 580 F.3d 106, 109 (2d Cir. 2009) (quoting *Kinzer v. Jackson*, 316 F.3d 139, 143 (2d Cir. 2003)). To state a malicious prosecution claim under 42 U.S.C. § 1983, a plaintiff must assert, in addition to the elements of a malicious prosecution claim under state law, that there was "a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." *Rohman v. New York City Transit Auth.*, 215 F.3d 208, 215 (2d Cir. 2000).

Indictment creates a presumption of probable cause, which the plaintiff may overcome only by showing that the police witnesses did not make a complete and full statement of facts to the grand jury or prosecutor, misrepresented or falsified evidence, withheld evidence, or otherwise acted in bad faith. *Rothstein v. Carriere*, 373 F.3d 275, 282–83 (2d Cir. 2004) (citing *Colon v. City of New York*, 455 N.E.2d 1248, 1251 (N.Y. 1983)). Therefore, for a plaintiff who

13

was indicted to state a malicious prosecution claim, he must allege that the indictment "was produced by fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith." *Id*. at 283 (citing *Colon*, 455 N.E.2d at 1251). Where a plaintiff claiming malicious prosecution alleges that a police officer fabricated evidence and forwarded it to prosecutors to provide probable cause for an arrest or prosecution, "the question of whether the defendant fabricated evidence becomes synonymous with the question of whether genuine probable cause existed." *Morse*, 2012 WL 3292963, at *6.

In contrast, a claim that a government official denied an accused his right to a fair trial invokes the Sixth Amendment, as well as the due process clauses of the Fifth and Fourteenth Amendments. *Id.*, at *3. When a police officer creates false information "likely to influence a jury's decision and forwards that information to prosecutors, he violates the accused's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983." *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997). Unlike a claim for malicious prosecution, a claim for denial of the right to a fair trial is not subject to a defense that probable cause existed for the prosecution. *Morse*, 2012 WL 3292963, at *3. Where a plaintiff claiming both malicious prosecution and denial of his right to a fair trial alleges that a police officer fabricated evidence and forwarded it to prosecutors to provide probable cause for an arrest or prosecution, his "malicious prosecution and fair trial claims . . . rise or fall together." *Id.*, at *6; *see Abdul-Rahman v. City of New York*, No. 10 Civ. 2778, 2012 WL 1077762 (E.D.N.Y. Mar. 30, 2012) (dismissing malicious prosecution and fair trial claims); *Struthers v. City of New York*, No. 12 CV 242, 2013 WL 2390721, at *10, 13 (E.D.N.Y. May 31, 2013) (denying summary judgment on malicious prosecution and fair trial claims because genuine issue of material fact existed concerning

14

whether arresting officer sent prosecutor fabricated evidence that formed sole basis for criminal complaint against plaintiff).

   1.  <u>Plaintiff Fails to State a Claim for Malicious Prosecution</u>

Plaintiff makes no allegations in his First Amended Complaint that, if true, would rebut the presumption of probable cause that his indictment creates. *See Rothstein*, 373 F.3d at 283. Plaintiff alleges nothing about how his indictment was procured; he alleges only that Defendant Officers charged him without admissible evidence and prosecuted him without probable cause. (First Am. Compl. ¶¶ 30–37.) Because plaintiff's allegations do not overcome the presumption of probable cause, he does not state a claim for malicious prosecution. Accordingly, absent leave to amend, the claim must be dismissed.

   2.  <u>Amending the Malicious Prosecution and Fair Trial Claims Would be Futile</u>

In his Proposed Second Amended Complaint, plaintiff modifies his malicious prosecution claim (and asserts a new claim for denial of a fair trial) by asserting that Defendant Officers gave the prosecutor fabricated evidence that the prosecutor used to indict him. Specifically, plaintiff alleges that Defendant Officers "fabricated the claim of criminal possession of a knife, charged Plaintiff with that crime and forwarded that fabricated evidence to the . . . prosecutor who used it to indict plaintiff" (Proposed Second Am. Compl. ¶ 14 (Doc. No. 23–1)); "fabricat[ed] evidence which was forwarded to the prosecutor when the officers were clearly aware that their allegations that Plaintiff criminally possessed a knife was false" (*id.* ¶ 17); and "falsely forwarded to the prosecutor information alleging that Plaintiff stabbed someone with the knife, or possessed the knife with intent to use it for a criminal activity" (*id.* ¶ 27).

Notably, although this is plaintiff's third attempt at an adequate complaint, plaintiff does not allege any facts concerning the form or substance of the evidence or information he claims

15

Defendant Officers fabricated. Plaintiff does not specify whether the fabricated evidence came in the form of an eyewitness account, the Defendant Officers' own observations, a self-incriminating statement, or something else. Moreover, he does not specify the fabricated evidence's content, instead equivocating as to whether the fabricated evidence reflected that he stabbed someone "or" possessed the knife with intent to use it criminally. (*Id.* ¶ 27.). His allegations are tantamount to a mere surmise, given his professed innocence, that one, some, or all of the Defendant Officers must have fabricated evidence to provide probable cause for his arrest and indictment. These threadbare, conclusory allegations are insufficient to overcome the presumption of probable cause that the indictment creates. *See Abdul-Rahman*, 2012 WL 1077762, at \*10 (dismissing malicious prosecution claim where plaintiff alleged that defendant officers fabricated false statements against him but did not allege what the false statements were); *Iqbal*, 129 S. Ct. at 1950 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— that the pleader is entitled to relief.'") (quoting Fed. R. Civ. P. 8(a)(2)). Accordingly, plaintiff's proposed amendments to his malicious prosecution claim would be futile, and leave to amend it is denied.

Based on the same proposed amended allegations concerning evidence fabrication, plaintiff also seeks to bring a claim for denial of his right to a fair trial. As explained above, plaintiff does not state a plausible claim that Defendant Officers fabricated evidence which they forwarded to the prosecutor. *See Abdul-Rahman*, 2012 WL 1077762, at \*12 (dismissing fair trial claim because plaintiff "has presented only the most conclusory and generalized allegations, failing to specify in what way the statements, information, or testimony were false"); *Morse*, 2012 WL 3292963, at \*6 (stating that malicious prosecution and fair trial claims will "rise or fall

16

together" where plaintiff alleges that police fabricated evidence and forwarded it to prosecutors to provide probable cause for arrest or prosecution); *see also Waddlington v. City of New York*, No. 10 CV 5010, 2013 WL 5295247, at *9 (E.D.N.Y. Apr. 23, 2013) ("Plaintiff at no point alleges with specificity what false information [police officers] created or forwarded to the D.A.'s Office"). Accordingly, plaintiff's proposed fair trial claim would be futile, and leave to amend is denied.

### C. Retaliatory Arrest in Violation of the First Amendment

Plaintiff alleges that Defendant Officers arrested him maliciously, and without probable cause, in retaliation for his mother's speech concerning how the Defendant Officers were treating him. (First Am. Compl. ¶¶ 30–31.) Plaintiff incorrectly styles this claim as one for "malicious prosecution," which sounds in the Fourth Amendment and requires a criminal proceeding rather than a mere arrest. *See Droz*, 580 F.3d at 109. Drawing all reasonable inferences in the plaintiff's favor, the Court construes this claim as one for retaliatory arrest in violation of the First Amendment.

To state a claim for retaliatory arrest in violation of the First Amendment, plaintiff must allege that "(1) he has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment right." *Curley v. Village of Suffern*, 268 F.3d 65, 73 (2d Cir. 2000). With regard to the second element, the Supreme Court has expressly declined to opine concerning whether a retaliatory arrest claim may lie despite the presence of probable cause to support the arrest. *See Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012). Courts in this Circuit, however, have held that where defendant officers had probable cause to arrest the plaintiff, the court need not inquire into the underlying motive for the arrest. *See*

17

*Curley*, 268 F.3d at 73; *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 120 (2d Cir. 1995) ("I]f the officer . . . had probable cause . . . , then we will not examine the officer's underlying motive in arresting and charging the plaintiff."); *Mesa v. City of New York*, No. 09 Civ. 10464, 2013 WL 31002, at *24 (S.D.N.Y. Jan. 3, 2013).

Because plaintiff incorrectly styled this claim as one for malicious prosecution, defendants did not, in their opening brief, interpret plaintiff's allegations to include a separate claim for retaliatory arrest. Nevertheless, defendants' valid argument that plaintiff's "malicious prosecution" claim fails given the unrebutted presumption of probable cause applies with equal force when construing the claim as one for retaliatory arrest. *See Golodner v. City of New London*, 443 F. App'x 622, 624 (2d Cir. 2011) ("The District Court found that . . . [plaintiff's] arrests were based on probable cause; therefore, his First Amendment claim fails on a retaliation theory . . . ."). Moreover, the claim is time-barred. *See, e.g.*, *Fabal*, 2011 WL 3652320, at *2. For each of these reasons, plaintiff fails to state a claim for retaliatory arrest.

Plaintiff's Proposed Second Amended Complaint contains no modifications that would correct these deficiencies. Accordingly, leave to amend would be futile and is denied.

**D.      Municipal Liability**

Although a municipality cannot be held vicariously liable under § 1983 for its employees' actions, it may be liable where the municipality itself causes the constitutional violation. *Johnson v. Dep't of Housing Preservation and Dev.*, 218 F. App'x 5, 5 (2d Cir. 2007). A municipality causes the injury when (1) a government policy or custom causes the injury, s*ee Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690–691 (1978), (2) an employee with final, relevant policymaking authority causes the injury, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988) (plurality opinion), or (3) the municipality acted with deliberate

18

indifference, *Johnson,* 218 F. App'x at 5. Accordingly, a municipality cannot be liable if the plaintiff fails to allege that defendant officers violated his constitutional rights, *Curley*, 268 F.3d at 71, alleges only "isolated unconstitutional acts of individual officers," *Sankar v. City of New York*, 867 F. Supp. 2d 297, 308 (E.D.N.Y. 2012), or alleges no "causal link" between an official policy or custom and his injury, *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983).

Here, in support of his claim for municipal liability, plaintiff alleges that the City failed to properly train, supervise, and discipline police officers; instructed officers to stop citizens who have committed no crimes; failed to establish, publish, and teach officers the practical meaning of probable cause and reasonable cause, as well as the importance of conducting an investigation before arresting a person; de-emphasized the importance of judge-ordered arrest warrants; encouraged officers to arrest first and ask questions later; and created the impression that crime reduction is paramount over constitutional rights in all circumstances. (First Am. Compl. ¶ 42.)

These allegations are insufficient to state a claim for municipal liability. As an initial matter, plaintiff states no claim that Defendant Officers violated a constitutional right. *See, e.g., Widget v. Town of Poughkeepsie*, No. 12 Civ. 3459, 2013 WL 1104273, at *12 (S.D.N.Y. Mar. 18, 2013 (dismissing municipal liability claim, where plaintiff failed to state claim for underlying constitutional violation); *Jennis v. Rood*, 310 F. App'x 439, 440–41 (2d Cir. 2009) (dismissing municipal liability claim because underlying claims were time-barred). Further, plaintiff states no claim that a government policy or custom existed. *See Missel v. Cnty. of Monroe*, 351 F. App'x 543, 545 (2d Cir. 2009) (affirming dismissal of *Monell* claim, where plaintiff pled no facts to suggest alleged municipal policy actually existed). Moreover, plaintiff does not allege a direct connection between Defendant Officers' actions and any municipal

policy or custom. *See Johnson,* 218 F. App'x at 5. Nor does plaintiff allege that any of the Defendant Officers had policymaking authority. *See Moore v. City of New York*, No. 08 Civ. 8879, 2010 WL 742981, at *6 (S.D.N.Y. Mar. 2, 2010) (dismissing municipal liability claim, where plaintiff did not allege that defendants had policymaking authority for municipality). For all these reasons, plaintiff fails to state a claim for municipal liability.

Plaintiff does not modify these deficient allegations in his Proposed Second Amended Complaint. Amendment would, therefore, be futile, and leave to amend is denied.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED, plaintiff's motion to amend is DENIED, and the complaint is dismissed in its entirety. The Clerk of the Court is directed to enter judgment accordingly and close this case

SO ORDERED.

Dated: Brooklyn, New York
       December 24, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge